Ethel Rose v. Commissioner.
Rose v. Commissioner
Docket No. 3538-64.
United States Tax Court
T.C. Memo 1966-274; 1966 Tax Ct. Memo LEXIS 11; 25 T.C.M. (CCH) 1429; T.C.M. (RIA) 66274; December 27, 1966
Ethel Rose, pro se, 527 West 110th St., New York, N. Y. William T. Hayes and Rudolph J. Korbel, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined the following income tax deficiencies and additions to tax: Additions
Additions
to Tax
to Tax
Sec. 6651(a),
Sec. 6653(a),
I.R.C.,
I.R.C.,
Year
Deficiency
1954
1954
1959
$724.66
$181.18
$36.23
1960
944.32
236.08
47.22
1961
944.32
236.08
47.22
1962
847.17
42.36
*12 Respondent has conceded all additions to tax and such concession will be reflected in the Rule 50 computation. Thus the only issue for decision is whether any portion of the periodic maintenance and support payments received by petitioner Ethel Rose from her former husband Champ Clark Rose pursuant to a divorce decree are excludable from her gross income as child support payments. Findings of Fact None of the facts were stipulated by the parties. However, certain exhibits submitted by the parties, to the extent herein relevant, are incorporated herein by this reference. Ethel Rose (hereinafter called petitioner) is a single person who resides in New York, New York. She filed her individual Federal income tax returns for the calendar years 1959 through 1962 with the District Director of Internal Revenue, Manhattan District, New York, New York. Petitioner and Champ Clark Rose were married on December 13, 1936. There were two children born of the marriage, viz., Maurena on January 18, 1947, and Maurina on April 14, 1954. An interlocutory judgment of divorce dated February 24, 1959, was entered in the Supreme Court, County and State of New York, on February 25, 1959, decreeing *13 the divorce of petitioner from Champ Clark Rose. The interlocutory decree became final on May 25, 1959. The pertinent provision of the original divorce decree, applicable to the issue involved herein, is as follows: ORDERED, ADJUDGED AND DECREED that from the date hereof the defendant shall pay to the plaintiff at the Office of W. Eugene Sharpe, Esq., 209 West 125th Street, New York 27, New York, or at such other place as the plaintiff shall direct the sum of $135.00 Dollars per week as and for her support and the support and maintenance of the issue of said marriage, * * * On November 28, 1962, the above provision of the original divorce decree was modified as follows: ORDERED, that the final judgment of divorce dated the 24th day of February, 1959 and filed in the Office of the Clerk of the County of New York on the 25th day of February, 1959 be and the same is hereby modified by reducing the alimony for the support of the plaintiff and for the support and maintenance of the issue of said marriage from $135.00 per week to the sum of $100.00 per week, effective as of the 4th day of January, 1962; * * * Pursuant to the above provision of the original divorce decree and its *14 subsequent modification, petitioner received the following amounts in periodic payments from Champ Clark Rose for the years indicated: Years
Amounts
1959
$5,940.00
1960
7,020.00
1961
7,020.00
1962
6,570.00
Our of the total amounts received by petitioner from Champ Clark Rose pursuant to the original divorce decree and the subsequent modification thereof, the following amounts were included by petitioner as gross income on her Federal income tax returns for the years indicated: Years
Amounts
1959
$1,575.00
1960
1,820.00
1961
1,820.00
1962
1,820.00
Opinion Petitioner contends that only a small portion (approximately one-third) of the amounts received by her pursuant to the divorce decree, and subsequently the divorce decree as modified, should be included in her gross income. Her position is that the remainder of the amounts was received by her for child support and thus was excludable from her gross income. Respondent, on the other hand, contends that the entire amount of each periodic payment received by petitioner during the years 1959 through 1962, pursuant to both the divorce decree and the modified divorce decree, is includable *15 in petitioner's gross income for the respective years because neither the original decree of divorce nor the modified decree fixed, in terms of a specific amount of money or in percentage of the payment, a sum payable solely for the support of the minor children. Generally alimony and separate maintenance payments are includable in gross income under section 61(a)(8). [1] Section 71(a)(1) sets out the conditions under which a wife will be considered as having gross income from the receipt of alimony or separate maintenance payments. It provides as follows: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such *16 divorce or separation. There is no question that the petitioner's divorce from Champ Clark Rose, her former husband, was under a decree of divorce, that she received weekly (periodic) payments under such decree, and that her former husband was required by the decree to make the periodic payments in discharge of the marital or family obligation. Section 71(b) contains the only exception to the general rule that payments received in accordance with conditions set out in section 71(a) (1) are includable in the gross income of the recipient. Section 71(b) provides: (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered *17 a payment for such support. The original divorce decree provided that the weekly payments here in issue were "for her [petitioner's] support and the support and maintenance of the issue of said marriage * * *." Nowhere in the decree is any portion of the weekly payments fixed as a sum payable solely for child support. Consequently, under the provisions of section 71(b), no part of the weekly payments can be claimed as child support. When the divorce decree was modified on November 28, 1962, only the amount of the periodic payments changed. The language of the decree continued to read "for the [petitioner's] support and for the support and maintenance of the issue of said marriage." In , the Supreme Court considered the question of when periodic payments would be treated as child support rather than alimony. It said (p. 303-304): This language leaves no room for doubt. The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a *18 sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. Under the type of agreement here, the wife is free to spend the monies paid under the agreement as she sees fit. "The power to dispose of income is the equivalent of ownership of it." . * * * It does not appear that the Congress was concerned with the perhaps restricted uses of unspecified child-support payments permitted the wife by state law when it made those sums includible within the wife's alimony income. Its concern was with a revenue measure and with the specificity, for income tax purposes, of the amount payable under the terms of the written agreement for support of the children. * * * As we read § 22(k), the Congress was in effect giving the husband and wife the power to shift a portion of the tax burden from the wife to the husband by the use of a simple *19 provision in the settlement agreement which fixed the specific portion of the periodic payment made to the wife as payable for the support of the children. Here the agreement does not so specifically provide. On the contrary, it calls merely for the payment of certain monies to the wife for the support of herself and the children. "Thus the Supreme Court held that Congress intended to let the parties to a divorce dictate the tax consequences of periodic payments by the language of the divorce decree or written agreement executed incident thereto." . Since neither the original nor the modified divorce decree specifically fixed a designated portion of the weekly payments as support for the minor children of petitioner and Champ Clark Rose, and since the above-quoted language of the Supreme Court's opinion in the Lester case advises us that Congress was not concerned with whether certain State laws fixed a portion of undesignated payments as child support, we must hold that the total amount of the weekly payments received by petitioner during the years before us is includable in her gross income under the provisions of section 71(a)(1). *20 To reflect this conclusion on the controverted issue and respondent's concession of the additions to tax, Decision will be entered under Rule 50. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954 unless otherwise indicated.↩